IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>Larry D. Hart | Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014      23-352<br><br>SHORT FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL<br><br>DIRECT FILED COMPLAINT PURSUANT TO PRETRIAL ORDER # 28 |

Plaintiff(s) incorporate(s) by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff(s) may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff(s) further allege(s) as follows:

**I.   DEFENDANTS**

1. Plaintiff(s) name(s) the following Defendants in this action:

    __X__   Koninklijke Philips N.V.

    __X__   Philips North America LLC.

    __X__   Philips RS North America LLC.

1

  __X__ Philips Holding USA Inc.

  __X__ Philips RS North America Holding Corporation.

  __X__ Polymer Technologies, Inc.

  __X__ Polymer Molded Products LLC.

**II.** **PLAINTIFF(S)**

 2. Name of Plaintiff(s):

> Larry D. Hart

 3. Name of spouse of Plaintiff (if loss of consortium claim is being made):

>  

 4. Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

> Not applicable.

 5. State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):

> New York

### III. DESIGNATED FORUM

6. Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:

> United States District Court for the Northern District of New York

### IV. USE OF A RECALLED DEVICE

7. Plaintiff used the following Recalled Device(s):

- [ ] *E30 (Emergency Use Authorization)*
- [ ] *DreamStation ASV*
- [ ] *DreamStation ST, AVAPS*
- [ ] *SystemOne ASV4*
- [ ] *C-Series ASV*
- [ ] *C-Series S/T and AVAPS*
- [ ] *OmniLab Advanced +*
- [ ] *SystemOne (Q-Series)*
- [x] *DreamStation*
- [ ] *DreamStation Go*
- [ ] *Dorma 400*
- [ ] *Dorma 500*
- [ ] *REMstar SE Auto*
- [ ] *Trilogy 100*
- [ ] *Trilogy 200*
- [ ] *Garbin Plus, Aeris, LifeVent*
- [ ] *A-Series BiPAP Hybrid A30 (not marketed in U.S.)*
- [ ] *A-Series BiPAP V30 Auto*
- [ ] *A-Series BiPAP A40*
- [ ] *A-Series BiPAP A30*
- [ ] *Other Philips Respironics Device*; if other, identify the model: _____

### V. INJURIES

8. Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

- [ ] COPD (new or worsening)
- [ ] Asthma (new or worsening)
- [ ] Pulmonary Fibrosis
- [ ] Other Pulmonary Damage/Inflammatory Response
- [x] Cancer __breast cancer - invasive ductal carcinoma grade 2__ (specify cancer)

3

☐ Kidney Damage

☐ Liver Damage

☐ Heart Damage

☐ Death

☐ Other (specify) _____

VI.  **CAUSES OF ACTION/DAMAGES**

9. As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| __X__ | Count I: | Negligence |
| __X__ | Count II: | Strict Liability: Design Defect |
| __X__ | Count III: | Negligent Design |
| __X__ | Count IV: | Strict Liability: Failure to Warn |
| __X__ | Count V: | Negligent Failure to Warn |
| __X__ | Count VI: | Negligent Recall |
| __X__ | Count VII: | Battery |
| __X__ | Count VIII: | Strict Liability: Manufacturing Defect |
| __X__ | Count IX: | Negligent Manufacturing |
| __X__ | Count X: | Breach of Express Warranty |
| __X__ | Count XI: | Breach of the Implied Warranty of Merchantability |
| __X__ | Count XII: | Breach of the Implied Warranty of Usability |
| __X__ | Count XIII: | Fraud |
| __X__ | Count XIV: | Negligent Misrepresentation |
| __X__ | Count XV: | Negligence Per Se |

4

  __X__  Count XVI:   Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

  __X__  Count XVII:  Unjust Enrichment

  _____  Count XVIII: Loss of Consortium

  _____  Count XIX:   Survivorship and Wrongful Death

  __X__  Count XX:    Medical Monitoring

  __X__  Count XXI:   Punitive Damages

  _____  Count XXII:  Other [specify below]

[                                                                 ]

10. As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

  __X__  Count I:     Negligence

  __X__  Count II:    Strict Liability: Design Defect

  __X__  Count III:   Negligent Design

  __X__  Count IV:   Strict Liability: Failure to Warn

  __X__  Count V:    Negligent Failure to Warn

  __X__  Count VI:   Negligent Recall

  __X__  Count VII:  Battery

  __X__  Count VIII: Strict Liability: Manufacturing Defect

  __X__  Count IX:   Negligent Manufacturing

  __X__  Count X:    Breach of Express Warranty

  __X__  Count XI:   Breach of the Implied Warranty of Merchantability

__X__ Count XII:   Breach of the Implied Warranty of Usability

__X__ Count XIII:  Fraud

__X__ Count XIV:   Negligent Misrepresentation

__X__ Count XV:    Negligence Per Se

__X__ Count XVI:   Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

__X__ Count XVII:  Unjust Enrichment

_____ Count XVIII: Loss of Consortium

_____ Count XIX:  Survivorship and Wrongful Death

__X__ Count XX:    Medical Monitoring

__X__ Count XXI:   Punitive Damages

_____ Count XXII: Other [specify below]

```
┌─────────────────────────────────────────────────────┐
│                                                     │
│                                                     │
└─────────────────────────────────────────────────────┘
```

11. As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

__X__ Count I:    Negligence

__X__ Count II:   Strict Liability: Design Defect

__X__ Count III:  Negligent Design

__X__ Count IV:   Strict Liability: Failure to Warn

__X__ Count V:    Negligent Failure to Warn

__X__ Count VI:   Negligent Recall

__X__ Count VII:  Battery

6

__X__   Count VIII:   Strict Liability: Manufacturing Defect

__X__   Count IX:     Negligent Manufacturing

__X__   Count X:      Breach of Express Warranty

__X__   Count XI:     Breach of the Implied Warranty of Merchantability

__X__   Count XII:    Breach of the Implied Warranty of Usability

__X__   Count XIII:   Fraud

__X__   Count XIV:    Negligent Misrepresentation

__X__   Count XV:     Negligence Per Se

__X__   Count XVI:    Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

__X__   Count XVII:   Unjust Enrichment

_____  Count XVIII: Loss of Consortium

_____  Count XIX:    Survivorship and Wrongful Death

__X__   Count XX:     Medical Monitoring

__X__   Count XXI:    Punitive Damages

_____  Count XXII:   Other [specify below]

12. As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

__X__   Count I:     Negligence

__X__   Count II:    Strict Liability: Design Defect

__X__   Count III:   Negligent Design

7

__X__ Count IV:     Strict Liability: Failure to Warn

__X__ Count V:      Negligent Failure to Warn

__X__ Count VI:     Negligent Recall

__X__ Count VII:    Battery

__X__ Count VIII:   Strict Liability: Manufacturing Defect

__X__ Count IX:     Negligent Manufacturing

__X__ Count X:      Breach of Express Warranty

__X__ Count XI:     Breach of the Implied Warranty of Merchantability

__X__ Count XII:    Breach of the Implied Warranty of Usability

__X__ Count XIII:   Fraud

__X__ Count XIV:    Negligent Misrepresentation

__X__ Count XV:     Negligence Per Se

__X__ Count XVI:    Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

__X__ Count XVII:   Unjust Enrichment

_____ Count XVIII: Loss of Consortium

_____ Count XIX:   Survivorship and Wrongful Death

__X__ Count XX:     Medical Monitoring

__X__ Count XXI:    Punitive Damages

_____ Count XXII:  Other [specify below]

```
┌─────────────────────────────────────────────┐
│                                             │
│                                             │
│                                             │
└─────────────────────────────────────────────┘
```

13. As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries,

8

Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

__X__ Count I: Negligence

__X__ Count II: Strict Liability: Design Defect

__X__ Count III: Negligent Design

__X__ Count IV: Strict Liability: Failure to Warn

__X__ Count V: Negligent Failure to Warn

__X__ Count VI: Negligent Recall

__X__ Count VII: Battery

__X__ Count VIII: Strict Liability: Manufacturing Defect

__X__ Count IX: Negligent Manufacturing

__X__ Count X: Breach of Express Warranty

__X__ Count XI: Breach of the Implied Warranty of Merchantability

__X__ Count XII: Breach of the Implied Warranty of Usability

__X__ Count XIII: Fraud

__X__ Count XIV: Negligent Misrepresentation

__X__ Count XV: Negligence Per Se

__X__ Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

__X__ Count XVII: Unjust Enrichment

_____ Count XVIII: Loss of Consortium

_____ Count XIX: Survivorship and Wrongful Death

__X__ Count XX: Medical Monitoring

__X__ Count XXI: Punitive Damages

_____   Count XXII:   Other [specify below]

```
┌─────────────────────────────────────────────────────────┐
│                                                         │
│                                                         │
└─────────────────────────────────────────────────────────┘
```

13. As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

    **X**    Count I:       Negligence

    **X**    Count II:      Strict Liability: Design Defect

    **X**    Count III:     Negligent Design

    **X**    Count IV:      Strict Liability: Failure to Warn

    **X**    Count V:       Negligent Failure to Warn

    **X**    Count VIII:    Strict Liability: Manufacturing Defect

    **X**    Count IX:      Negligent Manufacturing

    **X**    Count XIII:    Fraud

    **X**    Count XIV:     Negligent Misrepresentation

    **X**    Count XVII:    Unjust Enrichment

    _____   Count XVIII:   Loss of Consortium

    _____   Count XIX:     Survivorship and Wrongful Death

    **X**    Count XX:      Medical Monitoring

    **X**    Count XXI:     Punitive Damages

    _____   Count XXII:    Other [specify below]

```
┌─────────────────────────────────────────────────────────┐
│                                                         │
│                                                         │
└─────────────────────────────────────────────────────────┘
```

14. As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| __X__ | Count I: | Negligence |
| __X__ | Count II: | Strict Liability: Design Defect |
| __X__ | Count III: | Negligent Design |
| __X__ | Count IV: | Strict Liability: Failure to Warn |
| __X__ | Count V: | Negligent Failure to Warn |
| __X__ | Count VIII: | Strict Liability: Manufacturing Defect |
| __X__ | Count IX: | Negligent Manufacturing |
| __X__ | Count XIII: | Fraud |
| __X__ | Count XIV: | Negligent Misrepresentation |
| __X__ | Count XVII: | Unjust Enrichment |
| _____ | Count XVIII: | Loss of Consortium |
| _____ | Count XIX: | Survivorship and Wrongful Death |
| __X__ | Count XX: | Medical Monitoring |
| __X__ | Count XXI: | Punitive Damages |
| _____ | Count XXII: | Other [specify below] |

15. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

11

16. Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

17. Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff(s) may be entitled.

Date: March 2, 2023

s/Cristen M. Mendoza
Cristen M. Mendoza. NYSB No.: 4836938
Cherundolo Law Firm, PLLC
AXA Tower II, 16th Floor
120 Madison Street
Syracuse, New York 13202
Phone: (315) 449-9500
cmendoza@cherundololawfirm.com